THE STATE OF NEBRASKA, EX REL. ADNA H. BOWEN,
v. ADAMS COUNTY.

Bonds for Steam Grist Mill Invalid. There is no statute in
this state authorizing the voting of aid to steam grist mills, and
bonds voted for that purpose are invalid.

MAXWELL, J.

This is an original application for a mandamus to com-
pel the county commissioners of Adams county to levy a
tax to pay the interest on a certain bond for the sum of
$500, issued by them for Juniata precinct in Adams county.
It appears from the application that in the year 1872 the
county commissioners of Adams county submitted to the
electors of Juniata precinct the question of issuing the bonds
of the precinct to the amount of $6,000, to aid in the con-
struction of a public steam grist mill. The proposition
was adopted, the bonds issued, the mill erected, and, so far
as appears, the parties operating the same have fully com-
plied with the terms of the proposition. The only question
for determination therefore is, whether a steam grist mill
is a work of internal improvement within the meaning of
the statute.

In *Traver v. Merrick County,* 14 Neb., 327, it was held
that a water grist mill erected for public use, the rates of
toll to be determined by the county commissioners, and
being subject to regulation by the legislature, was a work
of internal improvement within the meaning of the act of
1869, and that bonds voted to aid in its construction were
valid. The decision in that case is based almost entirely
upon the statute authorizing the condemnation of private
property for the purpose of erecting dams and overflowing
lands in order to obtain power to propel mills, and upon
the decisions of this court in *Nosser v. Seeley,* 10 Neb.,
460, and *Seeley v. Bridges,* 13 Id., 547.

In *Traver v. Merrick County*, it is said (page 334): "There is a clear distinction between aiding the development of the water power of the state—a power which is continuing in its nature, and may be used without cost or expense, and must be used at certain points on a stream where a dam can be erected and power obtained—and a mill propelled by steam that must be attended with a continuous cost for fuel, and may at any time be removed to another locality." But for the provisions of the statute authorizing the exercise of the power of eminent domain in behalf of water mills, and thereby placing their regulation under legislative control, they would not be held to be works of internal improvement. It is true that many benefits flow to a community from the erection of a steam grist mill in their midst. But the same may be said of any other manufacturing establishment. It is not every work that is beneficial to the public that is a work of internal improvement within the meaning of the statute. The writ must therefore be denied. By the court,

WRIT DENIED.

*John H. Ames* and *A. H. Bowen*, for the relator.

*O. B. Hewett*, for the respondent.