JAMES BELL ET AL., APPELLANTS, V. CITY OF DAVID CITY ET AL., APPELLEES.

FILED JUNE 26, 1913.   No. 17,329.

1. **Municipal Corporations: POWERS: ELECTRIC LIGHT PLANT.** A city or village has the power, under the provisions of section 8704 *et seq.*, Ann. St. 1911, to construct and operate a municipal electric light system for the purpose of furnishing lights to the city and the inhabitants thereof.

2. ———: ———: ———. Under our statutes the city may use the engines and power of an electric light plant to pump water for the use of the city and its inhabitants.

3. ———: ———: ———: LIABILITY. In constructing such a system, due regard must be given to the rights of the owners of the present system. The municipal system should be so constructed as not to unnecessarily interfere with the property rights of the owners of the present plant, and in case of necessary interference the city will be liable for the injury sustained.

4. ———: ———: ———: INJUNCTION. The city having denied that it will construct its light plant in such a manner as to interfere with the property rights of the owners of the present system, and introduced proof to sustain that allegation, *held* that plaintiffs are not entitled to enjoin the construction of the municipal plant before there is actual or threatened interference.

APPEAL from the district court for Butler county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*A. M. Post* and *Roper & Fuller*, for appellants.

*John J. Sullivan, Arthur J. Evans, E. A. Coufal, J. J. Thomas* and *C. M. Skiles*, contra.

BARNES, J.

This action was commenced in the district court for Butler county by James and Samuel Bell against David City and the officers of that city to enjoin them from constructing and maintaining an electric light system in said city. A temporary injunction was allowed, but upon a

trial of the merits the injunction was dissolved, the action was dismissed, and plaintiffs have appealed.

It appears that plaintiffs had been granted a franchise to build their electric light plant on the streets, alleys and public grounds of the city, and that they have constructed it accordingly. It further appears that the plaintiffs have a right of occupancy where they have placed their lines and poles and other necessary property in building their plant. No company would have a right to interfere with the property of the plaintiffs, or with its necessary occupancy of the location where their lines are situated. The rights of the city in that regard are the same as those of any other company which might obtain a franchise and proceed to erect a second plant. It is also true that the plaintiffs do not have any exclusive right to operate an electric light plant in David City, and the city therefore has a right to proceed to build another part, but must of course follow the law in so doing.

The question is very much discussed in the brief as to the right of the city to build a power plant, or to build a combined light, water and heating plant. There is no statute authorizing the city to build a power plant, and therefore it may be said that it would not be allowed to build a power plant as such. Neither is there any statute authorizing the city to build a combined plant. The question whether the city is violating the law and attempting an unlawful expenditure of the taxpayers' money in building a power plant, and in building a combined light and water plant, is the question most discussed by the plaintiffs. This subject should be considered from two different points of view. The city is authorized, for instance, to build a light plant to furnish light for the public streets of the city and to its inhabitants. When such a plant is built the city would probably not violate any law if it sold to the citizens power which is necessarily produced in the act of furnishing electricity for lights, and so the fact that furnishing power might be incidental to an operation of their light plant, or the fact that they intend to furnish

heat from the light plant, would not necessarily be a viola-
tion of the law.

Again, if the city builds a light plant, and then from the
engines of its light plant furnishes the power to pump the
water for the use of the city and its inhabitants as an in-
cidental use of the light plant, we do not see why that
should be considered a violation of the law.

Considering the question from the other point of view
—that is, from the point of view of raising the money at
the expense of the taxpayers for these projects—as there
is a special statute authorizing the construction of light
plants, and another authorizing the construction of water
plants, the taxpayers in subjecting their property to the
expense of constructing these plants have a right to know
what is to be done with the money. When they vote to
bond the city for the purpose of constructing the water
plant, they have a right to know that the money so raised
upon the bonds for that purpose will be used only for the
construction of a water plant. And so, when they vote
money for a light plant, they have a right to know what
the specifications for the light plant are, so they may de-
termine whether the amount of money asked for is neces-
sary for the purpose of erecting a light plant. They also
have a right to know that the money so raised will be used
to erect a light plant, and for no other purpose. The fact
that the light plant, if it is built according to the specifica-
tions upon which they voted bonds, is to furnish power, or
incidentally to furnish heat, and the power is to be used
for private consumers, and for operating the water plant
of the city, if those uses are incidental, and the bonds are
voted strictly for the construction of the light plant, it
does not seem that it would be a violation of the intention
of the legislature in framing these statutes. We do not
think that they could vote bonds to raise a certain sum of
money to build a light plant, and also vote bonds to raise
a certain other sum of money to construct or enlarge a
water plant, and then transfer the money so raised from
one fund to the other. The defendants by their answer and

by their testimony show that such is not the intention, and therefore we are satisfied that the injunction, so far as this branch of the case is concerned, was properly denied.

It is strenuously contended by the plantiffs that the method by which the defendants intend to build their light plant is bad, that a construction according to their plans will interfere with plaintiff's plant, and damage them greatly. The defendants alleged in their answer, and testified on the trial, that it is not necessary to build their plant so as to interfere with the plaintiffs' property rights, and that they do not intend to do so. We suppose there is no doubt that the defendants will not be allowed to build their plant so as to unnecessarily interfere with the plaintiffs' plant; nor would they be allowed to build so as to necessarily interfere with the plaintiffs' plant, without liability to compensate the plaintiffs for whatever damages they may sustain. But the defendants deny that they intend to build a plant so as to interfere with the plaintiffs' plant, and therefore the time for plaintiffs to apply for an injunction is not yet ripe. If, however, it shall appear when plaintiffs construct their plant that it is being constructed in such a manner as to unlawfully interfere with the property rights of the defendants, and by such construction it is attempted or threatened to damage the plaintiffs' plant, then proceedings to enjoin defendants from so doing may be in order, and the plaintiffs may, at any future time, obtain such injunction.

As we view the record in this case, the injunction was properly dissolved and the action dismissed. The judgment of the district court is therefore

AFFIRMED.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.