REQUESTED BY: Senator Chris Beutler Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
This is in response to your letter of May 20, 1985, concerning LB 516. Your specific question relates to the Commission on Judicial Workloads created in section 1 of LB 516. For the purposes of your opinion we are assuming that the Lamb amendment to this bill has been stricken and that the Commission on Judicial Workloads is empowered, as set out in Amendment No. 1408, to change the number of election districts, the boundaries of the election districts, and the number of judges who will serve in each election district.
In Opinion No. 86, May 22, 1985, we found that the authority granted to this Commission constituted the delegation of a legislative function. We further found this section to be unconstitutional as a violation of the doctrine of separation of powers found in Article II, Section1, of the Nebraska Constitution because it called on members of the judiciary as part of the Commission on Judicial Workloads to exercise legislative functions.
Your question is whether the inclusion of members of the Nebraska State Bar Association on this Commission is a proper delegation of authority under Article II, Section 1, of the Nebraska Constitution. The Nebraska Supreme Court has long maintained that the Legislature may not delegate legislative functions to private individuals. Elliott v. Wille, 112 Neb. 78, 200 N.W. 347 (1924), and Searle v. Yensen, 118 Neb. 835, 226 N.W. 464, 69 A.L.R. 257 (1929). On the other hand, the courts have indicated that the Legislature may delegate some of its power to other public bodies who exercise legislative functions. Searle v. Yensen, supra, and Nickel v. School Board of Axtell, 157 Neb. 813,61 N.W.2d 566 (1953). This is particularly true where the legislative function consists of fixing the boundaries of districts for public purposes, in which case the courts have indicated that the Legislature may authorize the organization of districts for public purposes by other governmental bodies. Elliott v. Wille, supra, and Ruwe v. School District,120 Neb. 668, 234 N.W. 789 (1931).
In the case of Nickel v. School Board of Axtell, supra, the court specifically found that the task of fixing the boundaries of a political subdivision of the state for a public purpose had not been delegated to private individuals but to a county committee, which was a public body created by the act specifically for that purpose. Id. at 819. This is similar to the function of the Commission on Judicial Workloads and as such would not constitute a delegation of legislative authority to private individuals but rather to a public body specifically created for that purpose. Therefore, we see no violation of Article II, Section 1, of the Nebraska Constitution by the inclusion of either members of the Nebraska State Bar Association, or private citizens as also provided by LB 516, on such a commission.
In addition, you also ask whether the manner of selecting the Bar Association members to sit on the Commission violates Article III, Section 18, of the Nebraska Constitution. Article III, Section 18, is a prohibition against special or local legislation. This legislation affects the entire state and could not be construed as local or special legislation. LB 516 further provides that the three Bar Association members to be appointed to the Commission would come from each of the three congressional districts of the state. We see no violation of Article III, Section 18, in such a procedure.
Your final question concerns Article IV, Section 10, of the Nebraska Constitution which provides that:
The Governor shall appoint with the approval of a majority of the Legislature, all persons whose offices are established by the Constitution, or which may be created by law, and whose appointment or election is not otherwise provided by law or herein provided for; and no such person shall be appointed or elected by the Legislature. LB 516 would provide that the three Bar Association members are to be appointed by the Executive Council of the Nebraska State Bar Association. This would be a clear violation of Article IV, Section 10, of the Nebraska Constitution, since such appointments must be made by the Governor.
Very truly yours,
ROBERT M. SPIRE Attorney General