AMI L. GAUCHAT ET AL., APPELLANTS v. SCHOOL DISTRICT
ET AL., APPELLEES.

FILED JUNE 2, 1917.   No. 19863.

1. **Statutes: CONSTITUTIONALITY.**   Chapter 121, Laws 1915, *held* not in violation of section 11, art. III of the Constitution.

2. **Schools and School Districts: DETACHING TERRITORY.**   Evidence examined, and *held* to support the judgment of the trial court.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE.   *Affirmed.*

*Fred G. Hawxby* and *S. P. Davidson,* for appellants.

*Kelligar & Ferneau* and *E. F. Armstrong, contra.*

MORRISSEY, C. J.

Plaintiffs, who are residents and taxpayers of school district No. 11 of Nemaha county, brought this action against the defendants to have declared null and void an order made under the provisions of chapter 121, Laws

1915, detaching certain territory from district No. 11 and attaching the same to district No. 5.

The board, created under the provisions of chapter 121, in a proceeding had in accordance with the provisions of that chapter, detached 1,280 acres of land from district No. 11 and attached the same to district No. 5. The district court denied plaintiffs the relief prayed, and they have appealed, pressing two questions only: First, it is said that the act is void because in violation of section 11, art. III of the Constitution, which provides: "No bill shall contain more than one subject, and the same shall be clearly expressed in its title." The title of the act is as follows: "An act to provide for the equitable adjustment of the boundaries of school districts in certain cases, to provide for the consolidation of certain districts and transportation therein, to provide for attendance at the nearer school, to amend section 6942, Revised Statutes of Nebraska for 1913, to repeal said original section and declaring an emergency."

It is said that the act contains four different subjects, namely: "(1) The equitable adjustment of the boundaries of school districts in certain cases. (2) The consolidation of certain contiguous school districts. (3) The transportation of children to school in certain cases, at public expense. (4) The amendment and repeal of section 6942 of the Revised Statutes of 1913, providing for the attendance of children to the nearer school."

It is true that each of these subjects is mentioned in the title and is dealt with in the body of the act, but an analysis of the title as well as the act will show that there was but one main and general subject for the consideration of the legislature, namely, rural schools and rural school districts. Its various subdivisions relate to this main subject.

In *Van Horn v. State*, 46 Neb. 62, 72, Commissioner Irvine has written an exhaustive opinion on this subject, wherein he aptly says:

"The constitutional inhibition is against the bill's containing more than one subject. The title must clearly express the subject, but provided the bill itself contains but one subject, and this subject is clearly expressed in the title, it matters not although the title, read independently of the bill, may seem double. We, therefore, look to the bill itself to ascertain whether or not it contains more than one subject, and having ascertained that it contains but one, then we look to the title to see if that subject is clearly expressed therein. If so, the constitutional provision we are here discussing is not violated. Tested by this rule, we have no hesitation in saying that the subject-matter of this act is single, and that while a more comprehensive and shorter title might have been sufficient to indicate the contents of the bill, still the title which the legislature adopted does clearly indicate every essential feature of the act.  *  *  *  We conceive the rule to be that the constitutional provision does not restrict the legislature in the scope of legislation. It does not prohibit comprehensive acts, and no matter how wide the field of legislation the subject is single so long as the act has but a single main purpose and object.  *  *  *  It has always been said that the legislature might choose for itself its manner of legislation, and that an act, no matter how comprehensive, would be valid provided a single main purpose was held in view, and nothing embraced in the act except what was naturally connected with and incidental to that purpose."

This language is applicable to the case before us. His discussion of this subject is thorough and his review of the authorities so complete that it is sufficient to refer the profession to that opinion without an extended discussion here. Following the rule therein announced, we must hold that the act does not fall within the inhibition of the Constitution.

The sole remaining question has to do with the reasonableness of the order made by the board. Before the change in territory, district No. 11 had a daily average

attendance of 22 pupils, and the valuation of the property of the territory was $105,685. The school was maintained by a levy of 7 mills for school purposes. After the change of territory was made, the property valuation was $84,425, and the school was supported by a levy of 11 mills. Before the change in territory, district No. 5 had a daily average attendance of 149 pupils, and the property valuation was $116,067, the levy for school purposes being 35 mills, the limit allowed under the statute. Without this additional territory, district No. 5 would not longer have been able to maintain the 11 grades which it had theretofore maintained. Even with the territory which was added, the district made a levy of 33 mills. These figures seem sufficient answer to the statement that the board acted arbitrarily and inequitably. On the contrary, the order seems to be fully warranted under the proof, and the judgment is

AFFIRMED.