BENJAMIN F. MORGAN, APPELLEE, v. CITY OF FALLS CITY, ET AL., APPELLANTS.

FILED, OCTOBER 18, 1919.   No. 21256.

1. Statutes: AMENDMENT. An amending statute was passed with an emergency clause amending section 5119, Rev. St. 1913. Afterwards at the same session another act without an emergency clause was passed and approved amending the same section. *Held*, that the first act was in force until the later act became operative' three months after the adjournment of the session.

2. ——: ——. Where, by amendment and repeal, the words of a former statute or section of a statute are changed in some respects, but it is intended that the statute shall continue to operate, it is not strictly a repeal, but a continuation of the former law as amended.

3. Municipal bonds should be issued in conformity to the proposition adopted by the electors, and to the statute in force at the time of their issuance.

4. Statutes: PRESUMPTION. The legislature must be presumed to know the state of legislation, more particularly the changes in the former law made by amendments during its session, and to intend the consequences of its action.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Frank N. Prout* and *Frank A. Hebenstreit,* for appellants.

*John Wiltse* and *James E. Leyda, contra.*

*J. J. Thomas, amicus curiæ.*

LETTON, J.

Action to enjoin the issuance of certain municipal bonds. The district court granted a permanent injunction. Defendant appeals. The controversy grows out of the following facts. Prior to 1919, section 5119, Rev. St. 1913, as amended (Laws 1917, ch. 103), which relates to cities of the second class from 1,000 to 5,000 inhabitants, within which class Falls City is embraced, provided that bonds might be issued to pay for the erection or extension of water works, when authorized by three-fifths of the legal voters of the city, the bonds to become due in 20 years from the date of issuance, and payable any time after 5 years.

The legislature of 1919 passed three separate acts for the purpose of amending this section, chapters 46, 48, and 52, Laws 1919. Chapter 52 was approved April 3, 1919. Chapter 46 was approved April 16, 1919. Neither of these acts contained an emergency clause, and could not become effective until three months after the adjournment of the legislature. Chapter 48 contained an emergency clause, and went into effect on the date of its approval, April 7, 1919. It was under this act that the proceedings to issue the bonds were initiated. After the bonds had been voted, but before their issuance, chapter 46, the later act, went into effect. Chapter 48 provided such bonds should become due in not to exceed 40 years from date of issuance, and payable any time after 10 years. The later act made them become due in 20 years and payable any time after 5 years. The due date specified in the proposed bonds is 20 years,

which is allowable under chapter 48, but the time in which they may become payable is fixed at "any time after 10 years," which is not permitted by the statute now in force. This is a substantial change and one affecting the rights of taxpayers.

Appellant first contends that, since section 5119 had been amended and repealed by chapter 48, it was no longer in existence, and could not be amended by chapter 46; but we have held that where by amendment and repeal the words of a former statute are changed in some respect, but it is intended that the statute shall continue to operate, it is not strictly a repeal, but a continuation of the former law as amended. *State v. Wish,* 15 Neb. 448; *State v. Bemis,* 45 Neb. 724.

Section 5119 retained its identity. Only minor changes were made in its substance. It was in full force and effect, and the title of the amending act was sufficient.

It is next contended that since the statute gives the city the right to pay at any time after five years, instead of after ten years, as specified in the proposition which was voted upon, the statute governs, and they may be issued payable at any time after five years. This argument is unsound. The propositions to make the bonds payable at any time after five years was never submitted to the voters, hence was never adopted by them. Bonds issued must conform to the proposition adopted by the electors. It is to be borne in mind that this is an action to restrain the issuance of bonds, and not an action by a *bona fide* purchaser.

The general rule is that bonds must be issued in conformity with the statute in force at the time of issuance. *People's Bank v. School District,* 3 N. Dak. 496; *Barnum v. Okolona,* 148 U. S. 393; *Barnett v. Denison,* 145 U. S. 135; *Brownell v. Town of Greenwich,* 114 N. Y. 518.

There may be exceptions to this rule on account of saving clauses in the act providing for their issuance, or by reason of a general saving clause in statutes gov-

erning the amendment or repeal of laws, but nothing is alleged which brings the case within any exception.

The legislature must be presumed to know the state of legislation on the subject matter, more particularly the changes in the former law made by its enactments at that very session, and to intend the consequences of its action. Under the law we can take no other course than to affirm the judgment of the district court holding the proposed issue of bonds unauthorized.

AFFIRMED.

DEAN, J., not sitting.