838        NEBRASKA REPORTS.        [VOL. 104

State, ex rel. Hall County Farm Bureau, v. Miller.

---

STATE, EX REL, HALL COUNTY FARM BUREAU ET AL., APPELLEES, V. FRED MILLER ET AL., APPELLANTS.

FILED JULY 14, 1920.   No. 21351.

1. **Statutes: TITLE.** The title of an act, "to provide for county farm bureaus, for the improvement of agricultural methods and production and for cooperation with state and federal agencies," is broad enough to include provisions relating to the duties of a county farm bureau, to the employment and payment of a county agent, to the appropriation and disbursement of public funds for the payment of expenses of such a bureau, and to the duties of the county board in relation to these matters.

2. **Agriculture: APPROPRIATION FOR FARM BUREAU.** Legislation making provision for farm bureaus as governmental agencies of an educational nature to disseminate among farmers for practical purposes scientific knowledge for the improvement of agriculture is for a "public purpose" within the taxing power of the state.

3. ———: ———: CONSTITUTIONAL LAW. Legislation directing a county board, on petition of a specific number of residents of the county, to appropriate from the general fund raised by taxation and to disburse money to pay the expenses of a farm bureau is not void as taking property without due process of law or without representation.

4. **Statutes: MODIFICATION OF EXISTING STATUTES.** An independent legislative act covering the entire subject of legislation to which it relates may incidentally modify or change existing statutes without referring to them.

5. **Agriculture: FARM BUREAUS: CONSTITUTIONAL LAW.** County farm bureaus are governmental agencies entrusted with the duty of disseminating among farmers scientific knowledge of an educational nature for the improvement of agriculture, and the statute recognizing them as such is not void as delegating power to an unauthorized body or as creating new county officials.

APPEAL from the district court for Hall county: BAYARD H. PAINE, JUDGE. *Affirmed.*

*Prince & Prince,* for appellants.

*Horth & Ryan, contra.*

Rose, J.

This is an application by the members of the farm bureau of Hall county and others to compel the members of the county board of Hall county to make an appropriation of county funds for the purpose of carrying on the work of the county farm bureau. The county board refused to make the appropriation on the alleged ground that the legislative act authorizing it is unconstitutional. The district court upheld the act and granted the writ. The county board appeals.

At the outset the county board concedes that the question presented is the constitutionality of the county farm bureau act. Laws 1919, ch. 203. It will not be necessary, therefore, to consider the organization of the county farm bureau or its proceedings or the reasonableness of the appropriation demanded.

One objection to the act is that it violates the constitutional provision declaring that "No bill shall contain more than one subject, and the same shall be clearly expressed in its title." Const., art. III. sec. 11. Under this head it is argued that the act contains legislation not clearly expressed in its title, which reads:

"An act to repeal sections 70, 71 and 72, Revised Statutes of Nebraska for 1913, and to provide for county farm bureaus, for the improvement of agricultural methods and production and for cooperation with the state and federal agencies therein." Laws 1919, ch. 203.

Among the legislative subjects enumerated by the county board as not clearly expressed in the title are these: Powers and duties of the farm bureau; hiring of county agent; appropriations to pay expenses of farm bureau and county agent; organization of farm bureau; duties of county board in paying bills. Are these subjects covered by the title? The purpose of the constitutional provision relating to titles is to prevent surrep-

titious legislation. The title quoted serves that pur-
pose. The one general subject clearly expressed is pro-
vision for county farm bureaus, for the improvement
of agricultural methods and production, and for coop-
eration with state and federal agencies. The act con-
tains no matter not germane to this general subject.
State and federal legislation to improve and increase
the products of the farm for the general welfare and
education with that end in view, through farm bureaus
and other agencies of government, are matters of cur-
rent history within common knowledge. There is no
mystery about the purpose of such legislation or the
agencies used to make it effective. The title and the
act refer to both in terms well understood. The title
covers all provisions on which the farm bureau's right
to the appropriation is based. While a separate section
provides for penalties for violations of the act, it is un-
necessary for the purpose of this application to inquire
into the sufficiency of the title to include that subject,
since the invalidity of the provisions for punishments
would not invalidate the rest of the legislation in any
event. The act is not unconstitutional for want of a
proper title.

The act is also challenged on the ground that it pro-
vides for the expenditure of public funds for a private
purpose as distinguished from a public purpose with-
in the taxing power of the state. The argument seems
to be that the act requires the county board to use mon-
ey raised by general taxation for the sole benefit of in-
dividual farmers engaged in a private industry. What
the legislature had in mind was an efficient educational
government agency to be conducted on an honest basis
with a reasonable expenditure of public money. There
is nothing in the act itself or in the record to indicate
that such a mission has failed in any respect. It will be
presumed that the legislature acted with a full knowl-
edge of all facts and conditions essential to intelligent
legislation. The lawmakers were without limit in
sources of knowledge and in the means of obtaining in-

formation. They did not donate to individuals lands or the implements of agriculture. A small portion of the public funds raised by taxation in the ordinary manner is devoted to a branch of education affecting the chief industry of the state. The federal and state government at an enormous expense employ experts who apply themselves continuously to scientific research affecting agriculture and stock-raising. Federal and state bureaus and county farm bureaus are educational in their nature. All are agencies through which important discoveries and scientific knowledge essential to the proper tilling of the soil and to stock-raising are communicated to farmers. Instruction in fertilization of land, in selection of seeds, in destruction of pests, in diseases of domestic animals, and in kindred subjects, is imparted directly to husbandmen for practical purposes. Research of this nature and dissemination of resulting knowledge are proper functions of government.

The state has undertaken nothing new in this respect. The government of ancient Peru, not only instructed its subjects in agricultural pursuits, but collected, stored and preserved immense quantities of grain for the protection of the people in times of drouth, flood, pests, and other public disasters. The vigilance of government experts and the dissemination of practical knowledge increase with the demand for food. Results of study and investigation should not remain the secrets of philosophers and scientists. The time and means for continuous scientific research are not available to the tillers of the soil generally, but they must make the practical application of beneficial results. Society as a whole gets the benefits when new discoveries minister to universal needs and comforts. According to the old philosophers of Athens, investigation and knowledge justified themselves as the means of culture and mental development for scholars only, but the new philosophy includes practical benefits to mankind.

The question here is not whether the legislature has adopted the best means of disseminating agricultural knowledge, but whether the purpose is a public one to which funds raised by taxation may be applied. The supply, quantity and character of food affect the public at large, and in trusting a county farm bureau to deal with those subjects in an educational capacity, the legislature was clearly within the taxing power of the state. This conclusion disposes also of the contention that the act is void as special or class legislation.

The county board further contends that the act is void as authorizing the taking of property by taxation without due process of law and without the taxpayers being represented. The methods of levying and collecting taxes remain unchanged. The taxing and disbursing officers are the same. Out of the general fund created by taxation the county board is directed by the legislature, on petition of residents, to make a limited appropriation based on an estimate of the county farm bureau, and, by warrant on the county treasurer, to pay claims approved by the board of directors of the county farm bureau. Kindred legislation to aid in the work of agricultural societies has been upheld. *State v. Robinson*, 35 Neb. 401. By analogy the act in question is not open to this attack. The legislature may provide for the expenditure of public funds of a county for public purposes without providing a means for ascertaining the views of all residents or of nonresidents having taxable property in the county. *Westlake v. Anderson*, 33 N. Dak. 326. The act does not sanction a sham bureau, or fictitious, dishonest or unreasonable claims. The county board has power to protect the public from fraud.

A further argument is directed to the proposition that the act is void as amending existing statutes without referring to them; the Constitution providing that "No law shall be amended unless the new act contains the section or sections so amended." Const., art. III, sec. 11. In this connection it is insisted that the act

changes many statutes affecting county governments. The answer to this argument is that the act is a new and independent one covering the entire subject of legislation to which it relates, and for that reason may incidentally change or modify existing statutes without setting out those amended.

The act is also assailed as delegating power to an unauthorized body and so creating new county offices, the county farm bureau is a voluntary organization. Its members are not county officers within the meaning of the Constitution. It is not a money-making concern. It is above the aim of pecuniary individual enterprise or official compensation. Its relation to the public is like that of agricultural societies, of which it was said:

"Agricultural societies are not corporations in the ordinary sense of the term, but rather agencies of the state created for the purpose of assisting in promoting our most important industry." *State v. Robinson,* 35 Neb. 401.

The Constitution does not prohibit the legislature from resorting to this means of promoting the interests of the public by providing for technical and experimental education on agricultural subjects. 2 C. J. 989, sec. 3; *Westlake v. Anderson,* 33 N. Dak. 326, and cases cited therein.

No fatal objection to the act has been pointed out.

AFFIRMED.

ALDRICH, J., not sitting.