MIDWEST POPCORN COMPANY, A CORPORATION, APPELLANT,
v. RAY C. JOHNSON, STATE AUDITOR, ET AL., APPELLEES.

43 N. W. 2d 174

Filed June 23, 1950.   No. 32797.

*Munger & Rhodes,* for appellant.

*Clarence S. Beck,* Attorney General, *Clarence A. H. Meyer,* and *Homer L. Kyle,* for appellees.

*King, Haggart & Kennedy,* amicus curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit in equity for a declaratory judgment determining the constitutionality of the Tax Appraisal Board Act, sections 77-1301 and 77-2501 to 77-2510, R. S. 1943, as amended in 1947 and 1949. The trial court sustained a demurrer to the petition and, plaintiff having declined to further plead, dismissed the action. Plaintiff appeals.

The action was brought by the plaintiff on behalf of itself and all taxpayers similarly situated, to enjoin the Auditor of Public Accounts and the State Treasurer from paying out any funds appropriated for the use of the Douglas County tax appraisal board as illegal expenditures of public moneys because of the unconstitutionality of the Tax Appraisal Board Act. That the courts have jurisdiction of such an action has been heretofore determined. Rein v. Johnson, 149 Neb. 67, 30 N. W. 2d 548.

Briefly stated, the act provides for the establishment, in the discretion of the county board, of a classification and appraisal committee for real estate in counties having not more than 200,000 population, the recommendations of such committee to be taken into consideration by the county assessor and filed with the county clerk for the

use of the county board of equalization. The act also provides for a tax appraisal board in all counties having a population in excess of 200,000. Such board consists of three members appointed by the Governor with the advice and consent of the Legislature, for terms of six years with a maximum salary of $6,000 a year to be fixed by the Governor. The act provides for a revolving fund by appropriating $50,000 from the General Fund of the state and providing that the Auditor of Public Accounts shall certify the annual cost to the county board at the end of each fiscal year upon which the county board is to include the amount in the county levy and remit the same to the State Treasurer, when collected, to replenish the revolving fund. At the 1949 session of the Legislature $50,000 was appropriated to the revolving fund as contemplated by the 1947 act, and in addition thereto a further sum of $50,000 was appropriated to be credited to such revolving fund until 1953. Other provisions of the act will be discussed in connection with the consideration of the issues raised by this appeal.

It is argued that the act is unconstitutional in that it is a local or special law and therefore violative of Article III, section 18, of the Nebraska Constitution. The plaintiff is a resident of Douglas County. It is the only county in Nebraska having a population in excess of 200,000 people. It is urged that no reason exists which warrants any different law for the appraisal of property in Douglas County than in any other. In this respect it must be conceded that the Legislature has the power to classify counties on the basis of population when the classification rests upon reasonable differences of situation or circumstance which call for distinctive legislation for the class. State ex rel. Cone v. Bauman, 120 Neb. 77, 231 N. W. 693. The provisions of the Tax Appraisal Board Act do not freeze the classes. Any county which has a population of 200,000 people comes within the act as does any county which subsequently reaches that figure. An act so operating is considered to be general

in its nature. The appraisal of property for tax purposes in the various counties of the state is a matter which is directly affected by the population of the county. It has been a common legislative practice to classify counties on a population basis in prescribing the manner of conducting their functions. Problems of administration have a direct relation to population. This is particularly true in the appraisal, assessment, and equalization of property for purposes of taxation. Consequently, the Legislature acted within recognized principles of law in classifying counties in the statute before us as it did. Dorrance v. County of Douglas, 149 Neb. 685, 32 N. W. 2d 202.

Plaintiff contends that the class is frozen for the reason that the act provides no machinery by which it may become operative in counties subsequently attaining a population of 200,000 persons. The contention advanced is based on the provision of the act providing: "The tax appraisal board shall consist of three members, to be appointed by the Governor, by and with the advice and consent of the Legislature if in session. The initial appointments shall be one for a term of two years, one for a term of four years and one for a term of six years, to be designated in the order of appointment. * * * Initial appointments of the members of the tax appraisal board shall be made within thirty days after the effective date of this act." No provision is contained in the act as to any initial appointments of the members of the tax appraisal board in counties which subsequently attain a population of 200,000 people. It is asserted that this has the effect of freezing the class. In a similar case the Supreme Court of Iowa stated: "But, plaintiffs argue, the law by its terms becomes operative in Des Moines within thirty days from the date it takes effect by publication but specifies no machinery by which it shall become operative in cities other than Des Moines which subsequently attain the required population. If we are to follow our decision in State ex rel. Welsh v. Darling,

supra, 216 Iowa 553, 560, 561, 246 N. W. 390, 88 A. L. R. 218, the contention must be rejected. * * * The law provides no machinery by which the act can operate in cities subsequently attaining such population. Nevertheless, we upheld the act against the same attacks now made against the assessor law by plaintiffs, on the theory that the act by implication becomes operative in other cities of the designated class." Knudson v. Linstrum, 233 Iowa 709, 8 N. W. 2d 495. See, also, State ex rel. Welsh v. Darling, 216 Iowa 553, 246 N. W. 390. The act before us clearly classifies counties under and over 200,000 population and demonstrates a clear intent to include within the 200,000 class all counties which subsequently attain the population entitling them to enter the class. We do not think the questioned provision can be said to freeze the class within the meaning of Article III, section 18, of the Constitution.

It is contended also that the act is violative of Article III, section 14, Constitution of Nebraska, which states in part: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title." It will be noted that the constitutional prohibition above cited is against the bill containing more than one subject. If the bill contains but one subject, that subject must be clearly expressed in the title. It is of no import if other matters are contained therein if the subject of the bill is clearly expressed. This rule was well stated in Van Horn v. State, 46 Neb. 62, 64 N. W. 365, as follows: "We, therefore, look to the bill itself to ascertain whether or not it contains more than one subject, and having ascertained that it contains but one, then we look to the title to see if that subject is clearly expressed therein. If so, the constitutional provision we are here discussing is not violated."

The act before us deals with taxation of property and the establishment of a tax appraisal committee or board to classify and appraise property for taxation purposes. Other provisions of the act are incidental and germane

to this one subject. An act, no matter how comprehensive, is valid as containing but one subject if a single main purpose is within its purview and nothing is included within it except that which is naturally connected with and incidental to that main purpose. Van Horn v. State, *supra.* See, also, Gauchat v. School District, 101 Neb. 377, 163 N. W. 334; State ex rel. Hall County Farm Bureau v. Miller, 104 Neb. 838, 178 N. W. 846. The provisions dealing with the establishment of the committees or boards, the fixing of the terms of office of members and compensation for their services, the appropriation of funds to cover the expense of same, and the creation of a revolving fund as the method of financing such expense, are all matters incidental to the single main purpose of the act. Merrill v. State, 65 Neb. 509, 91 N. W. 418.

The plaintiff argues, however, that the title to the act does not meet constitutional requirements in that the title makes no mention of an appropriation of funds, the creation of a revolving fund, or the levy to be made each year to replenish the revolving fund. It is contended also that the title is fatally defective in that it provides in part "that the county assessor shall take into consideration the recommendations of such committee or board in valuing and assessing land, improvements thereon, and tangible personal property;" when the bill itself provides that the assessor shall take into consideration the tabulation of the board in assessing "any property," a term which includes personal property other than that designated as tangible. As we have heretofore said, if the act contains but one subject and that subject is clearly expressed in the title, it matters not that duplicitous or extraneous provisions are contained in the title. The test is not whether the title chosen is the most appropriate but whether it fairly indicates the scope and purpose of the act. The constitutional provision under consideration does not require that the title to an act shall be a complete abstract of the bill. Its purpose is to prevent the inclusion of unrelated matters not within the legal con-

templation of the title. The Constitution does not fix the degree of particularity with which a title to a bill is to express the subject other than it must be clearly expressed. The title to the act before us clearly indicates that it has to do with the appraisal and assessment of real and personal property and a comprehensive plan with reference thereto. The title is not deceptive or indefinite in this respect. The objection raised goes to its form and not the substance of the act. When dealing with form and not substance we are required to give a liberal construction to the constitutional provision. The variance of the language used in the body of the bill and its title with reference to the personal property within its provisions, though improvident, is not sufficient to invalidate the act. The main purpose of the act being clearly expressed, the prohibition of the act has been avoided, and errors of statement in duplicitous or extraneous provisions placed in the title will not nullify the legislation. Lennox v. Housing Authority of City of Omaha, 137 Neb. 582, 290 N. W. 451; Elliott v. Wille, 112 Neb. 78, 198 N. W. 861; Spier v. Thomas, 131 Neb. 579, 269 N. W. 61; The People v. McCallum, 1 Neb. 182; City of Beatrice v. Masslich, 108 F. 743.

We conclude that the bill (L. B. 92, Chapter 255, Laws 1947) contains but one subject which is clearly expressed in the title, and that the act does not offend Article III, section 14, Constitution of Nebraska.

It is contended that L. B. 92, passed at the 1947 session, is invalid for the reason that it contained an appropriation for salaries of officers of the government contrary to Article III, section 22, Constitution of Nebraska, which provides in part: "Bills making appropriations for the pay of members and officers of the Legislature, and for the salaries of the officers of the Government, shall contain no provision on any other subject." This suit was filed on December 2, 1949. It is evident that the appropriation contained in the act was expended or had lapsed into the General Fund of the state as unappropriated

moneys at the time the suit was brought. Nothing remained to be done that could properly be enjoined. The Legislature at its 1949 session made a new appropriation which is not attacked as being violative of Article III, section 22. This for the reason that the 1949 appropriation was contained in the general appropriation bill and contained no provision on any other subject in violation of the quoted provision of the Constitution. It is argued, however, that such invalid appropriation in the 1947 act was an inducement to the passage of the bill and for that reason the whole act is nullified. There is no merit to this contention. This court has held in a similar case that a salary appropriation made in connection with provisions dealing with another subject is inimical to Article III, section 22, and therefore void. State v. Cornell, 60 Neb. 276, 83 N. W. 72. But in Merrill v. State, *supra*, it was held: "The act is complete, symmetrical and perfect in all its parts, without an appropriation for the salary of the deputy food commissioner. Nor can we believe that the attempted appropriation of the salary was an inducement to the passage of the act. The legislature doubtless, in its wisdom, regarded such an act as necessary for the welfare of the citizens of the state, and the appropriation of the salary of the deputy food commissioner was merely an incident, an ill-advised attempt to provide by the same act compensation for the services of the deputy food commissioner, when by the constitution, such an appropriation should be contained in an act devoted exclusively to the subject of appropriations. In Scott v. Flowers, 61 Nebr., 620, 622, it is held that where there is a conflict between an act of the legislature and the constitution, the statute must yield to the extent of the repugnancy, but no further; and if the residue is intelligible, complete, and capable of execution after striking out the invalid part, it will be upheld and enforced except in cases where it is apparent that the rejected part was an inducement to the adoption of the remainder." The holdings of this court are contrary to

plaintiff's contention. Nelsen v. Tilley, 137 Neb. 327, 289 N. W. 388, 126 A. L. R. 729; State ex rel. Taylor v. Hall, 129 Neb. 669, 262 N. W. 835; Logan County v. Carnahan, 66 Neb. 685, 92 N. W. 984, on rehearing, 66 Neb. 693, 95 N. W. 812. In the latter case it was said: "* * * a statute will yield only to the extent of its repugnancy to the constitution, and if the remainder be found complete and capable of enforcement notwithstanding the invalid portion, it will be held valid unless the unconstitutional part was manifestly an inducement to the legislature for the passage of the remainder." We hold the remaining portions of the act to be valid insofar as Article III, section 22, is concerned.

Plaintiff further contends that the act violates Article VIII, section 1, of the Nebraska Constitution which provides: "The necessary revenue of the state and its governmental subdivisions shall be raised by taxation in such manner as the Legislature may direct; but taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises, and taxes uniform as to class may be levied by valuation upon all other property." There is no merit to this argument. The tax appraisal committee or board does not put a binding value on any property. The committee or board merely makes recommendations to the assessor and furnishes evidence for the use of the board of equalization. The valuation of property and the assessment of taxes is now, as it was prior to the passage of the act before us, the function of the assessor and the board of equalization. No changes have been made as to their duties and the requirements of uniformity. The duties of the tax appraisal committee or board in no manner disturb the requirements as to the uniformity of taxation. It remains as before. Consequently, Article VIII, section 1, is not violated.

Plaintiff urges that the act is violative of Article III, section 14, of the Constitution of Nebraska which provides in part: "And no law shall be amended unless the

new act contain the section or sections as amended and the section or sections so amended shall be repealed." It is contended that L. B. 92, Chapter 255, Laws 1947, attempts to amend section 77-1301, R. S. Supp., 1945, as amended by section 31 of L. B. 100, Chapter 251, Laws 1947, before the latter amendment had taken effect, and that the amendment creating a tax appraisal board was not germane to the subject of the section amended. It is asserted that the foregoing constitutes a violation of the quoted provision of the Constitution.

The purpose of the constitutional provision under consideration is to secure certainty in legislation. To accomplish this purpose within the meaning of the provision it is required that the amendatory act be definite and certain as to the law amended and germane to the original act. It appears that L. B. 92 which amended section 77-1301, R. S. Supp., 1945, as amended by L. B. 100 at the same session, contained an emergency clause and that L. B. 100 did not. Consequently L. B. 92 had the effect of amending L. B. 100 before the latter went into effect. It is asserted that this is violative of Article III, section 14, in that it purports to amend one section of a statute when in reality it amends another. While the precise point has not been determined by this court, our decisions point to a result contrary to that asserted by the plaintiff. In Morgan v. City of Falls City, 103 Neb. 795, 174 N. W. 421, an amending statute was passed with an emergency clause. Afterwards at the same session another amendatory act was passed amending the same section which did not contain an emergency clause. This court held "that the first act was in force until the latter act became operative three months after the adjournment of the session."

The Legislature during a session may do and undo, consider and reconsider, as often as it thinks proper, as only the final result will be regarded as the thing done. 59 C. J., Statutes, § 18, p. 526; State ex rel. City of Omaha v. Board of County Commissioners, 109 Neb. 35, 189 N. W.

639. "The legislature must be presumed to know the state of legislation on the subject matter, more particularly the changes in the former law made by its enactments at that very session, and to intend the consequences of its action." Morgan v. City of Falls City, *supra*. Under the peculiar situation here existing, the amendatory act was a valid amendment of an existing statute. If L. B. 100 was not effective at the time L. B. 92 went into effect, it would operate as an amendment of section 77-1301, R. S. Supp., 1945. We think the rule announced in Sullivan v. City of Omaha, 146 Neb. 297, 19 N. W. 2d 510, on rehearing, 146 Neb. 305, 21 N. W. 2d 510, and State ex rel. Baldwin v. Strain, *ante* p. 763, 42 N. W. 2d 796, is controlling. It was there stated: "An act which purports to amend an unconstitutional statute may be held to be amendatory of the valid statute, if such there be, which the unconstitutional act purported to amend and repeal." We see no reason why the rule would not apply where the act amended was not in effect the same as where the act amended was unconstitutional. The amendatory act was clearly germane to the section amended. The rule applicable is stated in County of Dawson v. South Side Irrigation Co., 146 Neb. 512, 20 N. W. 2d 387, as follows:

" 'That an amended section must be germane to the section amended does not mean that it must be confined to the same limits; that it cannot be enlarged and extended beyond the limits of the original section. It only means that it must be confined to the same subject-matter, or have the same object in view, and this subject-matter or object may be general in its nature. So long as the legislature fairly confines itself to the object of the original section it is sufficient.

" 'The purpose of the constitutional provision under consideration, * * * is to give notice, through the title of the bill, to the members of the legislature and the public, of the subject-matter of the projected law,—in other words, that the title should clearly indicate the legisla-

tion embraced in the bill. * * * The title to a bill may be general, and it is not essential that it specify every clause in the proposed statute. It is sufficient that they are referable and cognate to the subject expressed. When the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is embraced in and authorized by it.'" See, also, State ex rel. Baldwin v. Strain, *supra*. We find no merit in plaintiff's claim that the act is violative of Article III, section 14, in the respects claimed.

Plaintiff further contends that L. B. 424, Chapter 244, Laws 1949, which purports to appropriate $50,000 to the revolving fund and an additional sum of $50,000 thereto until June 30, 1953, after which date it is to revert to the General Fund, is violative of Article III, section 22, Constitution of Nebraska, which provides in part: "Each Legislature shall make appropriations for the expenses of the Government until the expiration of the first fiscal quarter after the adjournment of the next regular session, and all appropriations shall end with such fiscal quarter." It is not necessary to determine whether the act contravenes this provision of the Constitution. See, Rein v. Johnson, *supra;* State ex rel. Norfolk Beet-Sugar Co. v. Moore, 50 Neb. 88, 69 N. W. 373, 61 Am. S. R. 538. Even if it does, it cannot materially affect the situation before us for the reason that L. B. 434, Chapter 277, Laws 1949, the general appropriation bill passed at the same session of the Legislature, appropriates the funds in conformity with the constitutional provision.

We conclude that the Tax Appraisal Board Act is not violative of the provisions of the Constitution asserted by the plaintiff to have been violated. The demurrer to plaintiff's petition was therefore correctly sustained and the action properly dismissed.

AFFIRMED.

YEAGER, J., participating on briefs.