REQUESTED BY: Dear Senator:
This is in reply to your inquiry as to whether or not L.B. 204 violates the provisions of Article III, Section 14
of the Nebraska Constitution, pertaining to containing more than one subject.
As you know, the applicable portion of said constitutional provision provides:
 ". . . No bill shall contain more than one subject, and the same shall be clearly expressed in the title. . . ."
The Supreme Court of Nebraska has construed this provision liberally in a number of cases. For example in MidwestPopcorn Co. v. Johnson, 152 Neb. 867, that court stated:
 ". . . An act, no matter how comprehensive, is valid as containing but one subject if a single main purpose is within its purview and nothing is included within it except that which is naturally connected with and incidental to that main purpose. Van Horn v. State, supra. . . ."
There are a number of Supreme Court of Nebraska cases of the same general effect.
However, while L.B. 204 is a broad general act relating to the treatment, detection, etc. of alcoholism and intoxication to which the voluminous sections thereof could be said to generally relate, we specifically call your attention to section 76 which purports to amend section53-160, R.S. 1943, by raising the tax on alcohol as therein provided. The last sentence of said section 53-160, which is not changed by section 76 of L.B. 204, provides:
 ". . . The net proceeds of all revenue arising hereunder shall inure to the state General Fund."
Since the proceeds of the tax are in no way connected or earmarked for the support of alcohol treatment, detection, etc. which appear to be the broad general subject of the act otherwise, it would be impossible for us to establish that the section raising the tax on alcoholic beverages is germane to the rest of the act.
For these reasons, it is our opinion that L.B. 204 contains more than one subject in violation of the above constitutional provision.