REQUESTED BY: Dear Senator:
You have asked us certain questions relating to constitutional problems under the state and federal constitution relating to unreasonable classifications. In your first request for an opinion, you refer to L.B. 1 and L.B. 5. You express concern that both bills might be based on unreasonable classifications. You refer to our Opinion No. 19, February 14, 1977, to Senator DeCamp concerning L.B. 131. In your second question you refer to L.R. 9 and L.B. 16 each of which propose a constitutional amendment relating to tax limitation. You have cited several cases and the enabling act authorizing the creation of the State of Nebraska and have asked a series of questions based on them. We will attempt to answer each of your questions as they relate to the classification problem in this opinion.
As an initial matter, there is no classification question raised by the federal constitution where the classification relates to geographic areas and not to people. InSalsburg v. Maryland, 346 U.S. 545, 98 L.Ed. 281,74 S.Ct. 280 (1953), the United States Supreme Court had before it a case considering a criminal statute which prohibited introduction in evidence in criminal trials certain types of evidence procured by search and seizure for most counties in Maryland while authorizing its introduction in one county in Maryland. The Supreme Court, in part, in the case stated:
 ". . . The Equal Protection Clause relates to equality between persons as such rather than between areas. . . ."
In a subsequent case, McGowan v. Maryland, 366 U.S. 420,6 L.Ed.2d 393, 81 S.Ct. 1101 (1961), the court considered Sunday closing laws that discriminated as between various counties in Maryland. The court, in part, there held:
 "Secondly, appellants contend that the statutory arrangement which permits only certain Anne Arundel County retailers to sell merchandise essential to, or customarily sold at, or incidental to, the operation of bathing beaches, amusement parks et cetera is contrary to the `Equal Protection' Clause because it discriminates unreasonably against retailers in other Maryland counties. But we have held that the Equal Protection Clause relates to equality between persons as such, rather than between areas and that territorial uniformity is not a constitutional prerequisite. . . ."
It seems clear under these cases that legislation may be enacted which affects areas differently but does not discriminate with respect to individuals within the area. Thus, there are no equal protection claims which arise by virtue of the proposed bills or resolution which you have referred to us.
With respect to the due process question that you have raised, the Nebraska Supreme Court in Rein v. Johnson,149 Neb. 67, 30 N.W.2d 548 (1947), cited 16 C.J.S., Constitutional Law, § 570, and stated:
 "Further, the general rule is that the power of the state to control its own governmental agencies in their governmental capacities, is not ordinarily restrained by the requirement of due process. . . ."
The Legislature has the power to control taxation by governmental entities. We do not believe that the Legislature would be faced with either an equal protection or a due process claim, either under the federal constitution or under the state constitution.
The only remaining question raised by your request for our opinion is whether or not the classifications are improper under the Nebraska Constitution under Article III, section 18. Article III, section 18, provides in essence that the Legislature shall make no special or local law where a law of general application might be utilized. L.B. 1 and L.B. 5 might be attacked as an improper classification in that government subdivisions of nearly identical character might be authorized to raise significantly different amounts of taxation under the limits imposed. In our Opinion No. 19, February 14, 1977, to Senator DeCamp, we expressed our view that L.B. 131 may have created an improper classification by virtue of the fact that closed classes were created under L.B. 131. Opinion No. 19 was written while L.B. 131 was in the initial debating stages of legislative action. As that time, section 2 provided that taxing districts would impose levies based upon the valuation of property for the year 1975. The basis of our opinion with respect to the improper classification in L.B. 131 was the limitation to the year 1975 while no deviation from the limit was allowed. In other words, subdivisions were permanently limited according to the amount of their 1975 budget, with absolutely no opportunity to increase beyond the limitation even in the most dire circumstances. In the form finally passed, L.B. 131 provided some relief from that classification scheme in that it allowed a deviation after complying with a prescribed procedure. L.B. 1 and L.B. 5 restrict subdivision tax increases on a percentage limitation basis. However, each bill also provides that the percentage limitation may be altered by a vote of the people. Thus, while similar political subdivisions might be treated differently as to the level of funding they may raise because of different base year amounts, that base amount will not necessarily have any continuing effect, since it may be changed by a vote of the people. It may well be that this feature would remove these proposals from the evil prohibited by Article III, section 18, of the Constitution.
In Midwest Popcorn Co. v. Johnson, 152 Neb. 867,43 N.W.2d 174, the court held that a statute is not an improper classification where it fails to provide for entry of later subdivision into the class.
Generally cases holding invalid a classification because of a closed class have involved the impossibility of expanding the members of the class. Generally, those cases upholding classification statutes have held that where subdivisions may enter the class when they attain the standards set for the class, there is no improper classification. While that analysis is not directly related to the present problem, it does seem clear that since any subdivision wishing to increase its budget beyond limitations provided may do so when authorized by a vote of the people a closed class is not created. To that extent, the situation presented under the present proposals in the Legislature differs significantly from the proposal contained in L.B. 131 at the time of our prior opinion. While we adhere to the substance of our prior opinion, that a closed class is unconstitutional under Article III, section 18, it is our view that the proposals presently being considered probably do not constitute closed classes and, for that reason do not violate Article III, section 18, of the Constitution.
For the reasons set forth above, it is our opinion that L.B. 1, L.B. 5, L.B. 16, and L.R. 9 do not offend the equal protection clause of the federal constitution, the due process clause of the federal constitution, nor do L.B. 1 and L.B. 5 offend Article III, section 18, of the Nebraska Constitution.