REQUESTED BY: D. O. Coolidge, Director State Engineer, Nebraska Department of Roads
Does 36 feet or more of distance between the first and last axles of such consecutive sets of tandem axles automatically fall under section 39-6,179, R.S.Supp., 1979, with no shift as per section 39-6,185, R.R.S. 1943, or can the 36 feet or more distance not in violation of section 39-6,180, R.R.S. 1943, allow shifting under section 39-6,185, R.R.S. 1943?
Vehicles with 36 feet or more of distance between the first and last axles of consecutive sets of tandem axles automatically fall under section 39-6,179, R.S.Supp., 1979, with no provision for reduction or shifting of loads as provided under section 39-6,185, R.R.S. 1943.
You have requested the opinion of this office regarding the applicability of the shifting provision in section39-6,185, R.R.S. 1943, to vehicles described in section39-6,179, R.S.Supp., 1979.
Vehicles which have a minimum distance of thirty-six feet between two consecutive sets of tandem axles are governed by the statutory provisions of section 39-6,179, R.S.Supp., 1979. (See opinion of this office dated April 16, 1979.) Vehicles with less than thirty-six feet between two consecutive sets of tandem axles are governed by section39-6,180, R.R.S. 1943.
Section 39-6,179, R.S.Supp., 1979, provides in pertinent part:
 "(b) Combinations of vehicles shall not exceed a total length of sixty-five feet, inclusive of front and rear bumpers and including load, and two consecutive sets of tandem axles may carry a gross load of thirty-four thousand pounds each when the overall distance between the first and last axles of such consecutive sets of tandem axles is thirty-six feet or more;"
No provision is made for reduction or shifting of weight to prevent penalty as in section 39-6,185. Vehicles which have 36 or more feet between the first and last axles may only carry 34,000 pounds per axle. The Legislature evidently did not intend to extend the reduction or shifting proviso of section 39-6,185 or they certainly could have done so. The Legislature must be presumed to know the state of legislation, more particularly the changes in the former law made by amendments during its session, and to intend the consequences of its action. Morgan v. Falls City, 103, 795, 174 N.W. 421 (1919).