REQUESTED BY: Senator John DeCamp 1116 State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
You have requested our opinion regarding the constitutionality of Neb.Rev.Stat. § 44-392. That section prohibits any bank, trust company, investment company, bank affiliate or corporation, partnership or association, which is owned or controlled by a bank located in a city in this state with a population of more than 200,000 people from selling, writing or soliciting any form of insurance. Your question goes to the propriety of prohibiting an organization from selling insurance because of the situs of its owner. You have specifically cited Article I, Section 3, Article I, Section 16, Article I, Section 25, and Article III, Section 18 of the Nebraska Constitution for special consideration. It is our opinion that §44-392 does not violate those cited constitutional provisions.
Article I, Section 3 provides that no one may be deprived of property without due process of law. As there is no deprivation of property through state action under the terms of § 44-392, we do not feel that it is applicable to this situation.
Article I, Section 16 prohibits the making of any irrevocable grant of special privileges or immunities. As § 44-392 does not purport to make any irrevocable grant of privilege, we do not find that it is violated.
Article I, Section 25 provides: "There shall be no discrimination between citizens of the United States in respect to the acquisition, ownership, possession, enjoyment or dissent of property." First, this privileges and immunities clause bars discrimination against citizens of other states. If anything, § 44-392 operates to discriminate in favor of citizens of other states. Secondly, Article I, Section 25 does not preclude disparate treatment when there are valid independent reasons for the disparate treatment. Anderson v. Tiemann, 182 Neb. 393, 155 N.W.2d 322
(1967). The Legislature may have very well thought that the danger of domination of the insurance industry by banks located in larger cities within the state was greater than that of domination by banks located in larger communities outside of the state.
Article III, Section 18 prohibits the granting to any corporation, association, or individual any special or exclusive privileges. This prohibition can also be discussed in conjunction with the classification of banks in cities of more than 200,000 population. The fact that the basis of the prohibition of § 44-392 is based on the population of the city in which the bank is located is not in itself an improper classification. The Legislature has the power to classify according to the population of a county or municipality. Midwest Popcorn Company v. Johnson, 152 Neb. 867,43 N.W.2d 174 (1950). This legislation was first adopted in 1933. In 1959, the statute was amended to increase the level of population from 100,000 to 200,000. It appears that this was done at the request of a bank in Lincoln after Lincoln had attained a population of 100,000. It is not possible to determine the actual purpose of the legislation in 1933, as no legislative history is available for that year. However, it is conceivable that the Legislature did not want a concentration of power in the insurance business dominated by the larger banks from Omaha. It could be argued that that is a rational basis for the classification.
Because of recent legislation, it is now possible for a bank in Omaha to own a bank in a smaller community. Previously, this was not possible. Because of this new legislation, § 44-392 may have unexpected and possibly undesirable effects. However, to remedy those effects would be the duty of the Legislature. For the above-stated reasons, we do not believe that § 44-392 is unconstitutional.
Very truly yours,
ROBERT M. SPIRE Attorney General