REQUESTED BY: Senator Ernie Chambers, Nebraska Legislator
You have requested the opinion of the Attorney General regarding the constitutionality of proposed legislation, that is, LB 667 with amendments. You have specifically asked whether AM 7091, which has become LB 667, contains more than one subject so as to violate Art. III § 14
of the Nebraska Constitution. This bill amends various Nebraska statutes concerning the following topics: public accommodations for persons with disabilities, the practice of pharmacy, the Mail Service Pharmacy Licensure Act, the Nebraska Drug Product Selection Act, practice of respiratory care, infectious diseases, automated external defibrillators, the Parkinson's Disease Registry Act, and eligibility for food stamps. Nearly all of the amendments concern regulatory statutes administered by the Department of Health and Human Services Regulation and Licensure. One exception is § 22 as the Departments of Health and Human Services and Health and Human Services Finance and Support have responsibility for all public assistance, including food stamps. See Neb. Rev. Stat. § 68-717 (1996). The other exception occurs at §§ 1 and 2 of LB 667. These provisions regarding public accommodations for persons with disabilities amend Neb. Rev. Stat. §§ 20-127 and 20-129, which provide for certain civil rights and penalties for violations of those civil rights.
You have asked whether LB 667, as amended, contains more than one subject so as to be constitutionally suspect. Art. III, § 14 of the state constitution provides in part "[N]o bill shall contain more than subject, and the same shall be clearly expressed in the title." The purpose of this constitutional provision is "to challenge the attention of those affected by the provisions of the act and to prevent surreptitious legislation." Omaha Parking Authority v. City of Omaha, 163 Neb. 97,102, 77 N.W.2d 862, 867 (1956). At first glance one might well conclude that LB 667 is constitutionally suspect because of the variety of statutes which would be amended by this bill. However, the Nebraska Supreme Court has adopted a liberal construction with respect to the interpretation of this constitutional amendment. See for example, Op. Att'y. Gen. No. 89003 (January 23, 1989); Op. Att'y. Gen. No. 87018 (February 9, 1987); and Op. Att'y. Gen. No. 87009 (January 23, 1987).
In Anderson v. Tiemann, 182 Neb. 393, 155 N.W.2d 322 (1967), appeal dismissed, 390 U.S. 714, 88 S.Ct. 1418 (1968), the plaintiffs challenged a bill providing for a variety of taxes as violating the constitutional prohibition against including more than one subject in a single bill. The Nebraska Supreme Court rejected the plaintiffs' claim. "If an act has but one general object, no matter how broad that object may be, and contains no matter not germane thereto, and the title fairly expresses the subject of the bill, it does not violate Art. III, Section 14, of the Constitution. (Citation omitted). . . . This Court holds that the provisions of LB 377 contain but one general subject, taxation, and that it does not violate the Constitution of Nebraska." Id. at 408-409,155 N.W.2d at 332.
Similarly, in Midwest Popcorn Co. v. Johnson, 152 Neb. 867,43 N.W.2d 174 (1950), it was held that the Tax Appraisal Board Act was constitutional and not violative of Art. III, § 14. The act at issue dealt with taxation of property and the establishment of a tax appraisal board. Other provisions of the act were found to be incidental and germane to this one subject. "The test is not whether the title chosen is the most appropriate but whether it fairly indicates the scope and purpose of the act. The constitutional provision under consideration does not require that the title to an act shall be a complete abstract of the bill. Its purpose is to prevent the inclusion of unrelated matters not within the legal contemplation of the title. . . . When dealing with form and not substance we are required to give a liberal construction to the constitutional provision." Id. at 872-873, 43 N.W.2d at 179.
As further example, the Eighth Circuit Court of Appeals has interpreted Art. III, § 14 in Peet Stock Remedy Co. v. McMullen,32 F.2d 669 (8th Cir. 1929). The title to the act at issue therein began "an act relating to the public health, convenience and welfare" and provided for the licensing of numerous categories of health care providers. No violation of Art. III, § 14 was found.
With regard to LB 667, the title describes the bill as "an act relating to public health and welfare" and then sets out the statutes to be amended and lists the various topics or matters included within the bill. While two of the topics, the provisions relating to the civil rights of disabled persons and the provision under which the State would opt out of certain federal food stamp provisions, could be challenged as unrelated to the remainder of the bill, they do appear to be germane to the main purpose of the bill which is described within the title as relating to public health and welfare. Because the courts have given such a liberal interpretation to this constitutional provision in the past, we cannot conclude with any certainty that this bill violates Art. III, § 14 of the Nebraska Constitution.
Sincerely,
 JON BRUNING Attorney General
 Lynn A. Melson Assistant Attorney General
Approved:
_________________________________ Attorney General
pc: Patrick J. O'Donnell, Clerk Nebraska Legislature